```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MARY T. DONLON,

                              Plaintiff,
                                                    06-CV-6027T
     v.
                                                    DECISION
                                                    and ORDER

THE BOARD OF EDUCATION OF THE GREECE CENTRAL
SCHOOL DISTRICT; GREECE CENTRAL SCHOOL
DISTRICT; STEVEN L. WATTS, Individually and
as Superintendent, Greece Central School
District; KATHLEEN PAGANO-FULLER, Individually
and as Assistant Superintendent for Elementary
Instruction, Greece Central School District;
BARBARANNE TOLOMEO, Individually and as Autumn
Lane Elementary School Principal, Greece
Central School District; CHRISTOPHER MILLER,
Individually and as Social Studies Coordinator,
Greece Central School District; and KATHLEEN
GRAUPMAN, Individually and as Autumn Lane
Elementary School Principal, Greece Central
School District,

                              Defendants.
_____
```

## INTRODUCTION

Plaintiff, Mary T. Donlon, brings this action asserting claims of age discrimination and retaliation pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*. ("ADEA"), the New York State Human Rights Law, Executive Law §290 *et seq.* ("Human Rights Law") and 42 U.S.C. § 1983. Plaintiff brings the instant motion for a declaration that her filing of a charge of age discrimination and retaliation against defendants, the Board of Education of the Greece Central School District (the "Board"), Greece Central School District (the "District"), Steven L. Watts,

Kathleen Pagano-Fuller, Barbaranne Tolomeo, Christopher Miller, and Kathleen Graupman (collectively "defendants") with the Equal Employment Opportunity Commission ("EEOC"), in January 2004, fulfills the notice requirement under New York Education Law §3813 as it relates to her State Human Rights Law claim, or alternatively, for an extension of time to serve a notice of claim under Education Law §3813(2-a).

For the reasons which follow, plaintiff's motion is granted in part and denied in part. This Court finds that plaintiff's EEOC filing dated January 31, 2004 is in compliance with the notice of claim requirements under Education Law § 3813. However, to the extent plaintiff's EEOC filing concerns alleged discriminatory or retaliatory acts three months prior to her filing, those claims are untimely. This Court further finds that plaintiff's request to serve a late notice of claim up to March 8, 2006 is untimely, to the extent it relies upon alleged acts of discrimination and retaliation prior to March 8, 2005. However, this Court grants plaintiff's motion for an extension to serve a late notice of claim with respect to plaintiff's State Human Rights Law claims arising between March 8, 2005 and March 8, 2006.

## BACKGROUND

Plaintiff, Mary T. Donlon ("plaintiff"), has been employed since 1989 by the defendant District as a second grade school teacher and on June 12, 1990 was granted tenure. On January 31, 2004, plaintiff filed a Charge of Discrimination with the EEOC alleging discrimination and retaliation against the District.

Plaintiff asserts that a copy of the EEOC charge was forwarded to the District by the EEOC within ten days after the filing in accordance with the regulations. Thereafter, on September 13, 2005 the Buffalo regional office of the EEOC issued a letter of determination finding evidence of age discrimination and retaliation by the District against plaintiff. The EEOC issued a Notice of Right to Sue to plaintiff dated October 18, 2005.

On January 13, 2006 plaintiff commenced this action against defendants claiming age discrimination and retaliation in violation of the ADEA, the Human Rights Law and § 1983. Plaintiff amended her complaint on March 20, 2006. In her amended complaint, plaintiff asserts that she was subject to different terms and conditions of employment compared to her younger peers and such conduct is alleged to have occurred over a four year period beginning in 2002. Defendants have raised several affirmative defenses to plaintiff's claims including the fact that plaintiff's Human Rights Law claims are untimely and must be dismissed since she failed to file a notice of claim upon defendants as required by Education Law §3813.

Plaintiff argues that her EEOC filing against defendants on January 31, 2004 fulfills the notice requirement under Education Law §3813 concerning her State Human Rights Law claim. Moreover, plaintiff asserts that even if the EEOC filing is deemed insufficient to constitute a notice of claim her motion should be granted for the following reasons: the extension would not exceed the time limited for the commencement of an action under the Human Rights Law; defendants acquired actual knowledge of the essential

3

facts constituting the claim within a reasonable time after those facts arose; and defendants will not be substantially prejudiced in maintaining their defense on the merits if the motion is granted. In the alternative, plaintiff moves this Court for an order extending the time to serve a notice of claim.

Defendants oppose the motion claiming that plaintiff's EEOC filing does not substantially comply with the notice of claim requirement of Education Law §3813. Furthermore, defendants claim that the bare allegations contained in the EEOC filing did not place the defendants on notice of the essential facts underlying plaintiff's claim, including the time when, the place where, and the manner in which the claims arose. Defendants also argue that plaintiff's application for an extension of time to serve a late notice of claim upon defendants should be denied because this Court lacks discretion to grant plaintiff's untimely request. According to defendants, an extension is unwarranted since the plaintiff has not offered any reasonable excuse for her delay, defendants did not have actual knowledge of her claims and have been substantially prejudiced by plaintiff's delay.

## DISCUSSION

### I. Plaintiff's EEOC Charge Substantially Complied With The Notice Of Claim Requirement Of Education Law Section 3813

Section 3813(1) of the New York Education Law requires litigants to file a notice of claim in advance of a suit against the Department of Education. "No action or special proceeding, for any cause whatever" shall be pursued "unless it shall appear by and

4

as an allegation in a complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after accrual of such claim." See N.Y. Educ. L. § 3813(1). The purpose of this notice of claim requirement is to provide prompt notice of claims so that an investigation may be made before it is too late for the investigation to be effective. See Parochial Bus Sys., Inc. v. Bd. of Educ. of City of New York, 60 N.Y.2d 539, 547 (1983). The essential elements necessary in the notice are the nature of the claim, the time when, the place where, and the manner in which the claim arose. See Parochial Bus, 60 N.Y.2d at 547; Matter of Saranac Lake Cent. Sch. Dist. v. New York State Div. of Human Rights, 226 A.D.2d 794, 795 (3d Dept. 1996).

Here, plaintiff asserts that her EEOC filing on January 31, 2004 charging age discrimination and retaliation constituted substantial compliance with the notice of claim requirement of Education Law § 3813. Defendants argue that plaintiff's EEOC filing does not contain sufficient degree of detail to put defendants on notice of the essential facts of the claim and may not substitute for a formal notice of claim. Moreover, they claim that the EEOC charge contains no specifics concerning any particular form of discipline, any particular evaluation provided, or any particular evaluator.

Following Parochial Bus, courts have permitted other forms of documents, not denominated as notice of claims, to satisfy the

5

requirement "if it provides the necessary information as to the nature of the claim." See Mennella v. Uniondale Union Free Sch. Dist., 287 A.D.2d 636 (2d Dept. 2001) (petition to Commissioner of Education constituted notice of claim); see also Bucalo v. East Hampton Union Free Sch. Dist., 351 F.Supp.2d 33 (E.D.N.Y. 2005) (letter to superintendent of district and EEOC filings constituted notice of claim); Kushner v. Valenti, 285 F.Supp.2d 314 (E.D.N.Y. 2003) (EEOC complaint may provide notice of claim).

In Kushner, the court held that plaintiff's EEOC filing and notice, which specifically alleged that the district discriminated against him on the basis of age, by failing to promote him and promoting a younger teacher, was sufficient to satisfy the notice of claim requirement as to plaintiff's state law age discrimination claim. Id. at 316. As in Kushner, the EEOC charge placed the District on notice of the nature of the claim, which led to this eventual lawsuit. The facts set forth in the EEOC charge contained a sufficient degree of descriptive detail to place the District on notice of plaintiff's age discrimination and retaliation claims, which are practically the same for purposes of both ADEA and Human Rights Law. Indeed, the claimed violations of the ADEA outlined in the EEOC charge are based on similar facts as plaintiff's allegation that defendants violated the Human Rights Law.

According to the charge, plaintiff was subjected to "more frequent classroom observations" and "unfair criticism" of her work as well as unwarranted discipline and poor performance evaluations compared to her younger peers. In addition, the EEOC charge alleged

that the District created a hostile work environment through a pattern of wrongfully documenting plaintiff's performance in a negative manner in order to force early retirement. The EEOC charge also claimed age discrimination against the District by failing to assign plaintiff summer school work in 2002 and 2003 and being retaliated against due to her complaints regarding age discrimination. Therefore, plaintiff's January 31, 2004 EEOC filing is sufficient to comply with the notice of claim requirements under Education Law § 3813.[1]

## II. The Continuing Violation Doctrine Is Inapplicable As It Relates To Plaintiff's EEOC Filing.

Plaintiff argues that all instances of age discrimination and retaliation in this case constitute a continuing violation, which is actionable in its entirety even if some of the incidents occurred prior to October 31, 2003 (three months before the EEOC charge).[2] Defendants disagree and assert that the continuing violation doctrine does not apply since the alleged acts of discrimination and retaliation upon which plaintiff bases her claim are separate events that are discrete in nature.

---

[1] Defendants argue that the individual defendants were not identified in the EEOC charge and thus they could not have been sufficiently notified of her claim. Accordingly, defendants assert that plaintiff's EEOC charge does not fulfill the notice of claim requirement of Education Law Section 3813. This argument is unavailing. Section 3813 requires that a notice of claim be "presented to the governing body of the school district... and bringing an action against any school district, board of education... or school." See Education Law 3813. Therefore, there is no requirement that notices of claim be served upon individual defendants as a condition precedent to bringing a Human Rights Law action.

[2] Section 3813(1) requires that a notice of claim be presented within 90 days from the accrual of the claim. See Parochial Bus, 60 N.Y.2d at 547-48; Biggers v. Brookhaven-Comsewogue Union Free School District, 127 F.Supp.2d 452, 455 (S.D.N.Y. 2001).

The continuing violation doctrine "is heavily disfavored in the Second Circuit and courts have been `loath' to apply it absent a showing of `compelling circumstances.'" See Trinidad v. N.Y. City Dept. of Corr., 423 F.Supp.2d 151, 165 n. 11 (S.D.N.Y. 2006) (collecting cases). The doctrine provides that if "there is evidence of an ongoing discriminatory policy or practice, such as use of discriminatory seniority lists or employment tests ... the existence of such a continuing discriminatory practice or policy may delay the commencement of the statute of limitations period until the last discriminatory act in furtherance of it[.]" Harris v. City of New York, 186 F.3d 243, 248 (2d Cir.1999) (citations and quotation marks omitted). "[A] continuing violation is composed of a series of separate acts that collectively constitute one unlawful employment practice." Washington v. County of Rockland, 373 F.3d 310, 318 (2d Cir.2004) (citation and quotation marks omitted).

This court finds that the facts in the record do not suggest an "ongoing discriminatory policy or practice, such as use of discriminatory seniority lists or employment tests," Harris, 186 F.3d at 248, and that they instead constitute a series of independently actionable violations. Although the line between a single, continuing violation and a series of discrete acts is not well defined, it is clear that plaintiff's allegations amount to the latter. In the leading Supreme Court case on continuing violations, the Court held as follows:

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in

> timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act.... Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." [Plaintiff] can only file a charge to cover discrete acts that "occurred" within the appropriate time period.

Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002).[3] The only example Morgan provided of a single practice comprised of a series of separate acts is a hostile work environment, id. at 117, which is "based on the cumulative effect of individual acts." id. at 115.

Here plaintiff's alleged acts of discrimination and retaliation are separate events that are discrete in nature. For instance, plaintiff claims she was unable to obtain a summer position on four varying occasions during four different years. She also asserts that she was subject to a number of separate evaluations and classroom observations during a four-year period made by distinct individuals, each of whom is alleged to have discriminated against her. Moreover, although plaintiff alleges a hostile work environment in her pleadings and briefs in support of her motion, to hold that this assortment of allegations constitutes a single continuing violation renders meaningless the time limitations imposed on discrimination actions. See Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907-08 (2d Cir. 1997). Accordingly, the examples listed by the Court in Morgan make clear

---

[3] The Court noted, however, that time-barred acts may be introduced "as background evidence in support of a timely claim." Id. at 113.

that plaintiff's allegations are independently actionable events, not aspects of a single, continuing practice.

Thus, to the extent that plaintiff's EEOC charge concerns alleged discriminatory or retaliatory acts three months prior to her filing on January 31, 2004, which would be before October 31, 2003, such claims are untimely and do not provide timely notice to the defendants.[4]

### III. Court Lacks Jurisdiction To Extend Plaintiff's Time To Serve Notice Of Claim

Section 3813 imposes a one-year statute of limitations on any cause of action arising against a school district. See N.Y. Educ. L. § 3813(1). In this regard, pursuant to § 3813(2-a), "upon application, the court, in its discretion, may extend the time to serve a notice of claim." However, "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against any district or any such school." Id. This statutory limitation to the Court's power to extend the time to serve notice of claim divests the court of authority to grant an extension after the statute of limitations for the claim expires. See Lenz Hardware, Inc. v. Bd. of Educ., 24 A.D.3d 1278 (4th Dept. 2005); Kingsley Arms, Inc. v. Copake-Taconic Hills Cent. Sch. Dist., 9 A.D.3d 696 (3d Dept. 2004).

---

[4] It should be noted that plaintiff in this lawsuit may not assert facts and theories of liability not mentioned in a notice of claim served upon the defendants. See Bryant v. City of NY, 188 A.D.2d 445, 446 (2d Dept. 1992); DeMorcy v. City of NY, 137 A.D.2d 650, 650-51 (2d Dept. 1988). Consequently, even though plaintiff's EEOC filing fulfills the notice requirement of § 3813, her state law claims are barred to the extent she seeks to raise issues not addressed in her EEOC charge.

Here, plaintiff seeks an extension of time to serve a notice of claim upon the defendants until March 8, 2006. Plaintiff concedes that she is beyond the one-year period but attempts to bypass the one-year limit by asserting that the alleged acts of the defendants constitute a continuing violation, thus extending the limitations period for bringing her claims. As discussed above, the continuing violation doctrine is inapplicable in this case. <u>See</u> Point II. Given the one-year statute of limitations imposed by Education Law § 3813(2-b), this Court lacks discretion to grant plaintiff an extension to serve a notice of claim pertaining to alleged acts of discrimination or retaliation prior to March 8, 2005. <u>See</u> <u>Kushner</u>, 285 F.Supp.2d at 316 (court's discretion is restricted to the time within which the claimant may commence the action); <u>Pope</u>, 194 A.D.2d at 656 (plaintiff cannot be granted leave to file late notice of claim due to failure to leave to present a late notice of claim until one year after cause of action accrued).

Thus, this Court is without authority to grant an extension of time. Accordingly, plaintiff's application to serve a late notice of claim is untimely, to the extent it relies upon alleged acts of discrimination and retaliation prior to March 8, 2005.

### IV. <u>**Plaintiff's Motion For Extension Of Time To Serve Notice Of Claim For Claims Beginning March 8, 2005**</u>

Plaintiff claims that even if the continuing violation doctrine is deemed inapplicable in this case, the numerous acts of discrimination that occurred during the period between March 8, 2005 and March 8, 2006 should be deemed to provide the basis for

allowing plaintiff's service of a notice of claim by March 8, 2006, at least with regard to those acts. Defendants counter by arguing that this Court should not grant plaintiff's request even to the extent that it relies upon the alleged acts of discrimination and retaliation post March 8, 2005.

In deciding whether to grant leave to serve a late notice of claim, a court must consider: (1) whether the school district acquired actual knowledge of the essential facts of the claim within 90 days or a reasonable time thereafter; (2) whether the plaintiff has demonstrated a reasonable excuse for her failure to serve a timely notice of claim; (3) whether the petitioner was an infant, or was mentally or physically incapacitated, and (4) whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits. See N.Y. Educ Law § 3813(2-b); see also John Doe v. Goshen Cent. Sch. Dist., 787 N.Y.S.2d 75 (2d Dep't 2004); Riordan v. East Rochester Sch., 291 A.D.2d 922, 923 (4th Dept.2002); Lopez v. Hicksville Pub. Sch. Dist., 289 A.D.2d 381 (2d Dep't 2001). The determination as to whether to grant an application for leave to serve a late notice of claim is entrusted to the sound discretion of the court. Goshen Cent. Sch., 787 N.Y.S.2d at 75.

### A.  Actual Notice

While no one factor is dispositive, "[k]nowledge of the facts constituting the claim is the factor that 'should be accorded great weight.'" See Riordan, 291 A.D.2d at 923 (quoting Kalenda v. Buffalo Mun. Hous. Auth., 203 A.D.2d 937 (4th Dept. 1994)); see

also Matter of Stenowich v. Colonie Indus. Dev. Agency, 151 A.D.2d 894 (3d Dept. 1989), lv. denied 74 N.Y.2d 615 (1989); Matter of Jones v. Jamestown Pub. Sch. Dist., 259 A.D.2d 1020 (4th Dept. 1999). Here, plaintiff succeeded "in [her] burden of demonstrating that [defendants] had actual timely knowledge of the incident." See Matter of Cuda v. Rotterdam-Mohonasen Cent. Sch. Dist., 285 A.D.2d 806 (3d Dept. 2001).[5] Defendants assert that plaintiff has failed to set forth sufficient facts to establish that defendants had actual timely knowledge of her claims. However, it can hardly be disputed that defendants had actual knowledge of the essential facts concerning events that occurred on March 8, 2005.

In fact, on March 3, 2005, prior to the March 8, 2005 disciplinary proceedings, which plaintiff was aware of, she sent a letter to each Board of Education member stating her position regarding the District's request for her termination. Further, while plaintiff served the summons and complaint to defendants on January 13, 2006, the disciplinary charges commenced against plaintiff on March 8, 2005 were ongoing and in fact still pending. Thus, defendants acquired timely knowledge of the essential facts of this claim.

### B. Reasonable Excuse

The only factor that appears to militate in defendant's favor is that plaintiff failed to establish a reasonable excuse for her

---

[5] Based on my decision above, plaintiff's claims under consideration by this Court are claims beginning from March 8, 2005 as any alleged acts of discrimination and retaliation prior to March 8, 2005 are time-barred.

failure to serve the notice of claim within the statutory period. See Riordan, 291 A.D.2d at 923. Moreover, plaintiff does not suggest that she failed to identify the District as the proper party. See generally, Cabral v. State of New York, 149 A.D.2d 453 (2d Dept. 1989). Plaintiff's only explanation in her affidavit for the delay in serving the notice of claim is that prior to January 2006, she had not retained counsel with expertise in the areas of employment discrimination or notice of claim requirements. See Plaintiff's Reply Aff. at ¶ 20. However, as soon as plaintiff and her attorney discovered her error, plaintiff acted expeditiously by filing notices of claim against defendants in February 2006. See Matter of Goldberg v. County of Suffolk, 227 A.D.2d 482, 483 (2d Dept. 1996).

### C. Substantial Prejudice

Plaintiff asserts that defendants will not be substantially prejudiced if this motion for extension of time to serve a notice of claim is granted since the State Human Rights Law claim are based upon the same issues underlying the ADEA claim. Defendants argue that years have passed since the allegations and it is too late for an investigation to be efficient. As such defendants claim that it would be prejudiced in defending these claims on the merits. This Court disagrees and finds that defendants will not be prejudiced in their ability to investigate these claims. The focal time frame for purposes of determining whether a late notice of claim may be filed is the period between March 8, 2005 and March 8, 2006. There are many alleged acts of discrimination that took place

within this period beginning with the disciplinary charges commenced against plaintiff on March 8, 2005. Indeed, at the time this case was commenced, the disciplinary proceedings against plaintiff that began on March 8, 2005 was still pending. Accordingly, it was not and is not too late for an investigation since witnesses are most likely still available and evidence is not stale.

Therefore, defendants are not substantially prejudiced by plaintiff's filing of the late notice of claim.

## **CONCLUSION**

For the reasons discussed above, plaintiff's motion is granted in part and denied in part. This Court finds that plaintiff's filing of a charge of discrimination and retaliation with the EEOC on January 31, 2004 constituted compliance with the notice of claim requirement pursuant to New York Education Law § 3813. To the extent however that plaintiff's EEOC filing relates to alleged discriminatory or retaliatory acts three months prior to her filing, those claims are untimely. This Court further finds that plaintiff's request to serve a late notice of claim up to and including March 8, 2006 is untimely, to the extent it relies upon alleged acts of discrimination and retaliation prior to March 8, 2005. However, this Court grants plaintiff's motion for an extension to serve a late notice of claim concerning plaintiff's New York State Human Rights Law claims arising between March 8,

2005 and March 8, 2006. Plaintiff has 30 days from the date of this Order to effect service of the notices of claim.

ALL OF THE ABOVE IS SO ORDERED.

                                              s/Michael A. Telesca
                                              MICHAEL A. TELESCA
                                    United States District Judge

Dated:    Rochester, New York
            January 12, 2007