```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY T. DONLON,

                             Plaintiff,
                                                    06-CV-6027T
     v.
                                                  **DECISION
                                                   and ORDER**

THE BOARD OF EDUCATION OF THE GREECE CENTRAL
SCHOOL DISTRICT; GREECE CENTRAL SCHOOL
DISTRICT; STEVEN L. WATTS, Individually and
as Superintendent, Greece Central School
District; KATHLEEN PAGANO-FULLER, Individually
and as Assistant Superintendent for Elementary
Instruction, Greece Central School District;
BARBARANNE TOLOMEO, Individually and as Autumn
Lane Elementary School Principal, Greece
Central School District; CHRISTOPHER MILLER,
Individually and as Social Studies Coordinator,
Greece Central School District; and KATHLEEN
GRAUPMAN, Individually and as Autumn Lane
Elementary School Principal, Greece Central
School District,

                             Defendants.
_____
```

## INTRODUCTION

Plaintiff, Mary T. Donlon, brings this action asserting claims of age discrimination and retaliation pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*. ("ADEA"), the New York State Human Rights Law, Executive Law §290 *et seq.* ("Human Rights Law") and 42 U.S.C. § 1983. Defendants bring the instant motion seeking to: (1) dismiss plaintiff's 42 U.S.C. § 1983 claim in its entirety; and (2) dismiss plaintiff's state law claim on jurisdictional grounds, or in the alternative dismiss plaintiff's claim against the individual defendants on several

grounds. Further, defendants allege that dismissal of plaintiff's claims is mandated because the scope of the lawsuit, and in particular plaintiff's state law claim, has been altered by this Court's January 12, 2007 Decision and Order ("January Decision"). In addition, defendant states that plaintiff's theory of recovery pursuant to 42 U.S.C. § 1983 is not supported by law.

For the reasons which follow, defendants' motion is denied in part and granted in part. This Court finds that the ADEA does not preempt claims under § 1983 for age discrimination. Accordingly, defendants' motion to dismiss plaintiff's § 1983 claim is denied. Moreover, plaintiff's federal claims and her New York State Human Rights Law claim derive from a common nucleus of operative fact and satisfy the requirements of 28 U.S.C. § 1367(a). Therefore, the Court finds that it has supplemental jurisdiction over plaintiff's Human Rights Law claim. However, the Court declines to exercise supplemental jurisdiction over claims brought against the individually-named defendants under the State Human Rights Law.

## BACKGROUND

Plaintiff, Mary T. Donlon ("plaintiff"), has been employed since 1989 by the defendant Greece Central School District ("District") as a second grade school teacher. In 1990 plaintiff was granted tenure when she was forty-one years of age. On January 31, 2004, plaintiff filed a Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation against the District only.

On January 13, 2006 plaintiff commenced this action against the District, the Board of Education of the Greece Central School District (the "Board"), Steven L. Watts ("Watts"), Kathleen Pagano-Fuller ("Pagano-Fuller"), Barbaranne Tolomeo ("Tolomeo"), Christopher Miller ("Miller"), and Kathleen Graupman ("Graupman") (collectively "defendants") claiming age discrimination and retaliation in violation of the ADEA, the Human Rights Law and §1983. On February 22, 2006, plaintiff filed a motion seeking either: (1) a declaration that her filing of a charge of age discrimination and retaliation against defendants on January 31, 2004 with the EEOC constituted substantial compliance with the notice of claim requirements of the Education Law; or in the alternative (2) an extension of time to serve a notice of claim.

The January Decision granted in part and denied in part the plaintiff's motion. Specifically, the Court found that plaintiff's filing of a charge of discrimination and retaliation with the EEOC in 2004 constituted compliance with the notice of claim requirement pursuant to Education Law § 3813. To the extent however that plaintiff's EEOC filing related to alleged discriminatory or retaliatory acts alleged to have occurred before October 31, 2003 (three months prior to her filing), this Court found that those claims were untimely. In this regard, this Court held that the

continuing violation doctrine was inapplicable to plaintiff's claims. Further, this Court concluded that plaintiff's request to serve a late notice of claim up to and including March 8, 2006 is untimely, to the extent it relies upon alleged acts of discrimination and retaliation prior to March 8, 2005. However, this Court granted plaintiff's motion for an extension to serve a late notice of claim concerning plaintiff's New York State Human Rights Law claims arising between March 8, 2005 and March 8, 2006.

Plaintiff filed a Second Amended Complaint on March 16, 2007. In her Second Amended Complaint, plaintiff asserts that she was subject to different terms and conditions of employment compared to her younger peers and such conduct is alleged to have occurred over a five year period beginning in 2002 to the present. Such conduct includes the denial of her applications for summer employment, unwarranted discipline and poor performance evaluations. In addition, plaintiff asserts that defendants retaliated against her for her opposition to alleged acts of age discrimination. Defendants have raised several affirmative defenses to the claims.

## DISCUSSION

### I. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the complaint where the plaintiff has failed to state a claim upon which relief can be granted. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept

4

the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir.2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir.2005). Dismissal is warranted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Weixel v. Board of Educ. of City of New York, 287 F.3d 138, 145 (2d Cir.2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." See Twombly v. Bell Atl. Corp., 425 F.3d 99, 106 (2d Cir.2005), cert. granted, --- U.S. ----, 126 S.Ct. 2965 (2006).

**II.  Claims under 42 U.S.C. Section 1983**

In count three, plaintiff alleges, that the "[d]enial of summer employment, creation of a hostile work environment, and discrimination in the terms and conditions of public employment on the basis of age, as well as retaliation for opposing discriminatory practices, by state actors, amount to a violation of the right to equal protection of the laws, as guaranteed by the 14th Amendment to the U.S. Constitution." See Second Amended Complaint at ¶ 151. Defendants argue that plaintiff's § 1983 claim is preempted by the ADEA.

The Second Circuit has not yet ruled on whether all § 1983 claims based on age discrimination are preempted by the ADEA. However, those circuits that have considered the issue have held that ADEA provides the exclusive remedy for such discrimination. See Zombro v. Baltimore City Police Dept., 868 F.2d 1364, 1369 (4th Cir.), cert. denied, 493 U.S. 850 (1989); Ray v. Nimmo, 704 F.2d 1480, 1485 (11th Cir.1983); Paterson v. Weinberger, 644 F.2d 521, 524-25 (5th Cir.1981). District courts within this circuit, however, have been divided. See Jungels v. State University College of New York, 922 F.Supp. 779, 785 (W.D.N.Y.1996) (ADEA not exclusive remedy); Gregor v. Derwinski, 911 F.Supp. 643, 651 (W.D.N.Y.1996) (ADEA is exclusive remedy); Tranello v. Frey, 758 F.Supp. 841, 850-51 n. 3 (W.D.N.Y. 1991) (ADEA is exclusive remedy), aff'd on other grounds, 962 F.2d 244 (2d Cir.), cert. denied, 506 U.S. 1034 (1992).

Reviewing the prior district-court opinions from this circuit, this Court favors the reasoning of Jungels.[1] In Jungels, Judge Curtin observed that Second Circuit precedents establish that Title VII does not preempt § 1983 claims for unconstitutional sex and race discrimination in employment. See Jungels, 922 F.Supp. at 785 (citing Saulpaugh v. Monroe Community Hospital, 4 F.3d 134, 143 (2d

---

[1] The Court notes that, although the Court of Appeals has not yet ruled upon the precise issue presented here, the weight of authority in the Second Circuit favors the position that the ADEA does not preempt claims under § 1983 for age discrimination. See, e.g., Purdy v. Town of Greenburgh, 166 F.Supp.2d 850, 867-68 (S.D.N.Y.2001) (finding no ADEA preemption of § 1983 age discrimination claims); Bendel v. Westchester County Health Care Corp., 112 F.Supp.2d 324, 328 n. 3 (S.D.N.Y.2000) (same); Stampfel v. City of New York, 2005 WL 3543696, at *3 (S.D.N.Y. 2005) (same).

6

Cir.1993)). The Jungels court could discern no reason to distinguish the ADEA from Title VII for purposes of preemption. This Court reaches a similar conclusion, and notes that none of the prior district court opinions in this Circuit address this concern; indeed, none provide more than a brief, conclusory analysis of the preemption question.[2]

Further, while "a plaintiff cannot use Section 1983 to gain perceived advantages not available to a Title VII claimant, a plaintiff can assert a [concurrent] claim under Section 1983 if some law other than Title VII is the source of the right alleged to have been denied." See Saulpaugh, 4 F.3d at 143 (separate claims permitted where § 1983 claim cognizable violations of Constitutional provisions); Carrero v. NYHA, 890 F.2d 569, 576 (2d Cir.1989); Jungels, 922 F.Supp. at 785; see also Gierlinger v. New York State Police, 15 F.3d 32, 34 (2d Cir.1994).

In the instant case, plaintiff's § 1983 claim is "based on substantive rights distinct from Title VII." See Saulpaugh, 4 F.3d at 143. She asserts claims of age discrimination and retaliation by state actors, which amount to a violation of the right to equal

---

[2] The Jungels court also relied on an earlier Northern District of Iowa opinion reaching the same result, Mummelthie v. City of Mason City, Iowa, 873 F.Supp. 1293 (N.D.Iowa 1995), aff'd mem., 78 F.3d 589 (8th Cir.1996). In Mummelthie, Judge Bennet offers a highly comprehensive analysis of ADEA exclusivity, and considers the issue in significantly greater depth than the appellate court decisions reaching contrary results. See Mummelthie criticizes Zombro, the leading circuit court decision on ADEA exclusivity, for failing to consider the close analogy between Title VII and the ADEA and for failing to examine the language and legislative history of the ADEA in order to determine legislative intent with respect to preemption. 873 F.Supp. at 1323. The Mummelthie court, in its own assessment of the language, structure, and legislative history of the ADEA, could discern no intent, either express or inferable, to preempt § 1983 claims based on age discrimination in violation of the constitution. Id. at 1324-28. This Court, like the Jungels court, finds the analysis in Mummelthie to be persuasive.

protection of the laws, as guaranteed by the 14th Amendment to the U.S. Constitution. See Second Am. Complaint at ¶¶ 150-160; Carrero, 890 F.2d at 576 (§ 1983 claim may be concurrent with Title VII where it is based on rights to due process and equal protection); Gierlinger, 15 F.3d at 34 (plaintiff stated claim for equal protection violation based on sexual harassment) (citing Bohen v. City of East Chicago, Ind., 799 F.2d 1180, 1185 (7th Cir.1986)). The fact that plaintiff's § 1983 claims are founded on the same factual allegations as those underlying her Title VII claim does not prevent concurrent pleading. See Jungels, 922 F.Supp. at 784-85 (although § 1983 claims were based on same factual allegations as those under Title VII, where § 1983 claims were based on rights distinct from those protected by Title VII, concurrent claims may be pled).

When concurrent claims under Title VII and § 1983 are pled, however, a concern is raised that the § 1983 claim may be used to avoid the "detailed and specific provisions" of Title VII, such as its requirement of exhaustion of administrative remedies, or its statute of limitations. See Great American Fed. S. & L. Assn. v. Novotny, 442 U.S. 366, 375-76 (1979). In Novotny, the Supreme Court held that a plaintiff could not assert a claim under § 1985(3), like § 1981 a purely remedial statute, based on a violation of rights provided by Title VII. This determination was meant to prevent a plaintiff from availing himself of remedies specifically

excluded by Title VII, and from avoiding the procedural requirements of Title VII. See Novotny, 442 U.S. at 374-75. However, as Judge Elfvin pointed out in Price v. County of Erie, the holding of the Supreme Court in Novotny makes it permissible to bring a cause of action under § 1983 seeking "redress for violations of rights independent of those protected by the ADEA[.]" See Price, 654 F.Supp. 1206, 1208 (W.D.N.Y. 1987).

Here, the plaintiff has claimed the violation of her right to equal protection of the laws as guaranteed by the 14th Amendment to the Constitution based on the fact that she was allegedly denied summer employment, experienced hostile work environment, and discrimination in the terms and conditions of public employment on the basis of age, and was retaliated against when she opposed the allegedly discriminatory practices by state actors. This cause of action is not based upon a substantive violation of the ADEA but rather upon substantive violations of the Constitution. Accordingly, this Court finds that the ADEA does not preempt claims under § 1983 for age discrimination. Thus, defendants' motion to dismiss plaintiff's § 1983 claim is denied.

## II. Supplemental Jurisdiction

In any civil case where a district court has original jurisdiction, it also has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

9

28 U.S.C. § 1367(a); see also Lyndonville Savings Bank & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir.2000) (observing, "[i]n the absence of diversity jurisdiction, a federal court presented with both federal and state claims may hear the state claims only if they are so closely related to the federal questions as to form part of the same 'case or controversy' under Article III"). Claims arise under the same "case or controversy" within the meaning of § 1367 and Article III of the Constitution when they "'derive from a common nucleus of operative fact' and are such that one would ordinarily expect them to be tried in one judicial proceeding." See People by Abrams v. Terry, 45 F.3d 17, 23 n. 7 (2d Cir.1995) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725, (1966)). Thus, the exercise of supplemental jurisdiction is appropriate where "the facts underlying the federal and state claims substantially overlap ... or where the presentation of federal claim necessarily [brings] the facts underlying the state claim before the court." See Lyndonville, 211 F.3d at 704 (internal citations omitted).

Conversely, supplemental jurisdiction is lacking where the federal and state claims rest on essentially unrelated facts. See id. at 704-05. When deciding to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of litigation, the values of judicial economy,

10

convenience, fairness, and comity. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172-73 (1997).

In the instant case, the court has original federal question jurisdiction over plaintiff's claims that defendants violated the ADEA and 42 U.S.C § 1983. See 28 U.S.C. § 1331;  29 U.S.C. §621 *et seq.*; 42 U.S.C. § 1983. The issue, therefore, before the Court is whether this Court has supplemental jurisdiction over plaintiff's New York State Human Rights Law claims ("HRL"). Defendants argue that the court should dismiss plaintiff's HRL claim because, according to defendants, plaintiff's federal claims and his HRL claim do not derive from a common nucleus of operative fact. Defendants assert that plaintiff may only pursue federal claims under the ADEA to the extent that the acts upon which she bases her claims are alleged to have occurred within 300 days prior to her January 31, 2004 EEOC filing. See Defs. Br. at 7. Moreover, defendants contend that given this Court's January 12, 2007 Decision, plaintiff may only pursue her HRL claim to the extent that they are based on acts alleged to have occurred during the one-year period between March 8, 2005 and March 8, 2006. Accordingly, defendants argue that plaintiff's state and federal claims do not form part of the same case of controversy under §1367(a) since defendants acts are based on two separate time frames (April 6, 2003 to January 31, 2004 for the federal claims and March 8, 2005 to March 8, 2006 for State claims). See id.

Plaintiff counters that both her federal and state claims stem from the same nucleus of operative fact, namely, the discrimination directed against her and the retaliation that followed after she complained of the situation. According to plaintiff, all of the claims, both state and federal involve the defendants' abuse of the teacher evaluation process, refusal to appoint plaintiff to summer school positions, and retaliation for her opposition to discriminatory practices. See Plaintiff Br. at 8. Plaintiff states that the claims are such that they would ordinarily be expected to be litigated in a single lawsuit and thus, it follows that the exercise of supplemental jurisdiction is proper. See id.

Plaintiff further argues that defendants grossly overstate the alleged lack of temporal overlap between the claims. According to plaintiff, the Second Amended Complaint recounts instances of discrimination and retaliation for a period of time beginning in 2002 and continuing through the initial filing of the complaint in January 2006. See id. Plaintiff also contends that the statute of limitations for § 1983 claims is three years, which covers the three-year period ending January 13, 2006, the date the complaint was filed and this would include most of the period of the HRL claim. See id. at 9. In addition, plaintiff states that the EEOC determination letter makes clear that plaintiff brought to the EEOC's attention and the EEOC considered in its investigatory mode,

12

incidents occurring after the initial charge was filed in late January 2004.

The court finds that plaintiff's federal claims and her HRL claim derive from a common nucleus of operative fact because these claims concern similar conduct and will require similar evidence or the determination of similar facts. See Promisel v. First Am. Artificial Flowers, Inc., 943 F.2d 251, 254 (2d Cir. 1991) (Exercise of pendent jurisdiction is a favored and normal course of action as long as it meets the requirement of a common nucleus of operative fact); Luongo v. Nationwide Mut. Ins. Co., 1996 WL 445365, at *4 (S.D.N.Y. 1996). Plaintiff's federal claims as well as her HRL claim concern the conduct of defendants and their influence over plaintiff's employment status. In addition, the only difference between the relevant facts in the state claim compared to the federal claims, is that the federal claims include incidents which have been deemed untimely with respect to the state law claims. Further, this Court finds that the claims will require many of the same witnesses, much of the same evidence, and determination of many of the same facts. As such, they derive from a common nucleus of operative fact and satisfy 28 U.S.C. § 1367(a).[3]

---

[3]The Court notes defendants argument that this Court's January Decision held that the continuing violation doctrine does not apply to this case. See Def. Reply Br. at 6. However, the Court's January Decision relating to the continuing violation doctrine was in the context of trying to determine the timeliness or untimeliness of plaintiff's EEOC charge and did not deal with the broader issue of whether the facts of the case form part of the "same case or controversy" pursuant to 28 U.S.C. § 1367(a).

### III. <u>**Supplemental Jurisdiction Over Individually-Named Defendants Graupman, Miller and Tolomeo**</u>[4]

The individual defendants contend that this Court should decline to exercise supplemental jurisdiction over the HRL claim against them. As this Court held above, plaintiff's HRL claim is based on the same "common nucleus of operative fact" as her federal claims against her employer, and thus this Court has power to hear the pendent state law claim. However, even when supplemental jurisdiction is available under § 1367(a), a district court may decline to hear a state law claim if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The decision whether or not to exercise supplement jurisdiction under § 1367(c) involves considerations of judicial economy, convenience, comity and fairness to litigants. See <u>Purgess v. Sharrock</u>, 33 F.3d 134, 138 (2d Cir. 1994).[5] Further, the Supreme Court has noted that "there may be reasons independent

---

[4] On November 15, 2007, plaintiff filed a Notice of Motion for Leave to File Supplemental Affidavit. On November 26, 2007, defendants filed opposition to plaintiff's motion. On December 3, 2007, plaintiff filed a reply to defendants' opposition papers. After a review of plaintiff's Motion for Leave to File Supplemental Affidavit together with defendants opposition papers, affidavits and all other replies, this Court grants plaintiff's request to file and serve her supplemental affidavit in opposition to defendants' motion to dismiss. However, the affidavit relates mainly to plaintiff's opposition to defendants' motion for dismissal of plaintiff's HRL claim against individual defendants. As discussed in this section, this Court declines to exercise jurisdiction over the state law claim.

[5] "The statutory concept of supplemental jurisdiction codified and expanded somewhat the earlier judge-made doctrines of pendent and ancillary jurisdiction. Just as with the prior law of pendent jurisdiction, the exercise of supplemental jurisdiction is left to the discretion of the district court." See <u>Purgess</u>, 33 F.3d at 138.

of jurisdictional considerations, including the likelihood of jury confusion in treating divergent claims for relief, that would justify separating state and federal claims for trial. Fed. R. Civ. P. 42(b). See Ponticelli v. Zurich American Ins. Co., 16 F.Supp.2d 414, 439 (S.D.N.Y. 1998); Houston v. National Fidelity Fin. Serv., 1997 WL 97839 * at 10 (S.D.N.Y. 1997).

Defendants contend that the state claims against the individual defendants should be dismissed because the application of the HRL to individuals constitutes a novel state law theory of liability that is improper for federal court resolution. See Def. Br. at 8-9. Plaintiff's argue that there is no "meaningful" split among the appellate courts of New York and thus this Court should exercise supplemental jurisdiction. See Plaintiff Br. at 14. The positions taken by the plaintiff and defendants do reflect a split among New York courts on the question of individual liability under the HRL. See Hockeson v. N.Y. State Office of Gen. Serv., 188 F.Supp.2d 215, 222-23 (N.D.N.Y. 2002); Lewis v. Triborough Bridge & Tunnel Auth., 77 F.Supp.2d 376, 380 n. 6 (S.D.N.Y. 1999) ("The holding in Tomka v. Seiler, 66 F.3d 12 95 (2d Cir. 1995)[6] has

---

[6]Under New York law, even if an employer can be held liable for employment discrimination under the HRL, individual liability for such discrimination cannot be imposed on an employee "if he is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others." See Patrowich v. Chemical Bank, 63 N.Y.2d 541, 542 (1984). However, in Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir.1995), the Second Circuit held that Patrowich did not apply to claims under N.Y. Exec. Law § 296(6). See Tomka, 66 F.3d at 1317. Based on the language of § 296(6), the Tomka Court, "distinguished Patrowich by holding that a defendant who actually participates in the conduct giving rise to a discrimination claim may be held personally liable under [N.Y. Exec. Law § 296(6) ]." See Tomka, 66 F.3d at 1317 (emphasis added). New York Courts have largely disagreed with the analysis of the Tomka decision, and some federal courts have joined in the criticism. See Trovato v. Air Express Int'l, 238 A.D.2d 333, 334 (2d Dep't 1997) (criticizing Tomka and following Patrowich by rejecting

engendered great disagreement among New York state courts"); <u>Hicks v. IBM</u>, 44 F.Supp.2d 593, 599 n. 3 (S.D.N.Y. 1999).

Given that the New York courts are split on this issue, this Court declines to exercise supplemental jurisdiction over the state law claims. <u>See</u> 29 U.S.C. § 1367(c); <u>see also</u> <u>Houston</u>, 1997 WL 97838, at *10 (declining to exercise supplemental jurisdiction over individuals sued under §296(6) of the HRL even where, as here, the claim involved a common nucleus of operative fact with the federal discrimination claim). Furthermore, the presence of an individual defendant who could be liable under state law for conduct that would not give rise to liability under federal law will create practical difficulties at trial. <u>See</u> <u>Houston</u>, 1997 WL 97838, at *10. In addition, the risk of jury confusion is considerable. <u>See id.</u> Thus, this Court declines to exercise supplemental jurisdiction over plaintiff's state law claim.[7]

## **CONCLUSION**

For the reasons discussed above, defendants' motion is granted in part and denied in part. Defendants' motion to dismiss plaintiff's § 1983 claim is denied. This Court has supplemental jurisdiction over plaintiff's Human Rights Law claim and thus defendants' motion to dismiss based on failure to satisfy the

---

aiding and abetting liability under § 296(6)); <u>Cohen v. Alexander's Inc.</u>, 1987 WL 113754 (N.Y.Sup.Ct. Aug.14, 1987) (rejecting aiding and abetting liability under § 296(6) based on its reading of <u>Patrowich</u>).

[7] Because this Court has declined to exercise supplemental jurisdiction over plaintiff's HRL claim, defendants' remaining arguments in their brief need not be addressed by this Court.

requirements of 28 U.S.C. 1367(a) is denied. However, this Court declines to exercise supplemental jurisdiction over the claims brought against the individually-named defendants Graupman, Miller and Tolomeo under the Human Rights Law.

    ALL OF THE ABOVE IS SO ORDERED.

                                      s/Michael A. Telesca
                                        MICHAEL A. TELESCA
                              United States District Judge

Dated:    Rochester, New York
           December 20, 2007